**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LARRY FREUDENBERG, Individually And On Behalf of All Others Similarly Situated, | Civil Action No. 07-cv-8538 (RWS) |
|     Plaintiff, | |
|     vs. | CLASS ACTION |
| E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN AND ROBERT J. SIMMONS, | |
|     Defendants. | |
| WILLIAM BOSTON, Individually And On Behalf Of All Others Similarly Situated, | Civil Action No. 07-cv-8808 (RWS) |
|     Plaintiff, | |
|     vs. | |
| E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN AND ROBERT J. SIMMONS, | |
|     Defendants. | |
| ROBERT D. THURMAN, Individually And On Behalf Of All Others Similarly Situated, | Civil Action No. 07-cv-9651 (RWS) |
|     Plaintiff, | |
|     vs. | |
| E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN AND ROBERT J. SIMMONS, | |
|     Defendants. | |

| | |
|---|---|
| WENDY M. DAVIDSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN AND ROBERT J. SIMMONS,<br><br>    Defendants. | Civil Action No. 07-cv-10400 (UA) |
| JOSHUA FERENC, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN AND ROBERT J. SIMMONS,<br><br>    Defendants. | Civil Action No. 07-cv-10540 (SHS) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE KRISTEN-STRAXTON GROUP FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF THE <u>SELECTION OF LEAD COUNSEL</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS ................................................................................... 2

ARGUMENT ........................................................................................................ 4

I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED ................................... 4

II.   THE COURT SHOULD APPOINT THE
      KRISTEN-STRAXTON GROUP AS LEAD PLAINTIFF ............................................ 5

      A.    The Legal Requirements Under the PSLRA .............................................. 5

      B.    The Kristen-Straxton Group Satisfies the
            Lead Plaintiff Requirements of the Exchange Act ................................... 6

            1.    Kristen-Straxton Group Has Timely
                  Moved For Appointment As Lead Plaintiff .............................. 6

            2.    Kristen-Straxton Is The Most Adequate Lead Plaintiff ........................ 7

                  a.    Kristen-Straxton Group Has The Largest
                        Financial Interest In The Relief Sought By
                        The Class .................................................................. 7

                  b.    A Cohesive Group With a Pre-Litigation
                        Relationship is Preferred Under the PSLRA ..................... 9

            3.    The Kristen-Straxton Group Meets the Requirements
                  of Rule 23 ........................................................................ 13

II.   THE COURT SHOULD APPROVE THE
      KRISTEN-STRAXTON GROUP'S CHOICE OF LEAD COUNSEL .................... 16

IV.   CONCLUSION ......................................................................................... 17

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Baan Securities Litigation,* 186 F.R.D. 214 (D. D.C. 1999) ....................................10

*Bishop v. New York City Department Of Housing*
    *Preservation & Development,* 141 F.R.D. 229 (2d Cir. 1992) ....................................14

*In re Cavanaugh,* 306 F.3d 726 (9th Cir. 2002) ........................................................8, 17

*In re Cendant Corp. Litigation,* 264 F.3d 201 (3d Cir. 2001) ....................................8, 17

*City of Brockton Retirement System v. The Shaw Group, Inc.,* No. 06-cv-8245,
    2007 U.S. Dist. LEXIS 72745 (S.D.N.Y. Sept. 25, 2007)...........................................11

*In re Donnkenny Inc. Securities Litigation,* 171 F.R.D. 156, 158 (S.D.N.Y. 1997) ...........9

*In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285 (2d Cir. 1992) .....................14

*In re Host America Corp. Securities Litigation,* 236 F.R.D. 102
    (D. Conn. 2006) .................................................................................................8, 12

*Jolly Roger Offshore Fund Ltd. v. BKF Capital Group, Inc.,* No. 07-cv-3923
    (RWS), 2007 U.S. Dist. LEXIS 60437 (S.D.N.Y. Aug. 14, 2007).............................16

*Local 144 Nursing Home Pension Fund v. Honeywell International, Inc.,*
    No. 00-3605, 2000 U.S. Dist. LEXIS 16712 (D.N.J. Nov. 16, 2000) .........................11

*In re Microstrategy Inc. Securities Litigation,* 110 F. Supp. 2d 427
    (E.D. Va. 2000) ......................................................................................................12

*In re Network Associates, Inc., Securities Litigation,*
76 F. Supp. 2d 1017 (N.D. Cal. 1999) ..........................................................................10

*Newman v. Eagle Building Technologies,* 209 F.R.D. 499 (S.D. Fla. 2002) .....................9

*In re Oxford Health Plans Inc., Securities Litigation,* 182 F.R.D. 42
    (S.D.N.Y. 1998) .............................................................................................9, 12, 16

*In re Party City Securities Litigation,* 189 F.R.D. 91 (D.N.J. 1999)).................................13

*In re Razorfish, Inc. Securities Litigation*, 143 F. Supp. 2d 304
(S.D.N.Y. 2001) ............................................................................2, 9, 10

*Rozenboom v. Van Der Moolen Holding*, No. 03-cv-8284,
2004 U.S. Dist. LEXIS 6382 (S.D.N.Y. Apr. 14, 2007)............................8, 9

*In re Smith Barney Transfer Agent Litigation*, No. 05-cv-7583,
2006 U.S. Dist. LEXIS 19728 (S.D.N.Y. Apr. 17, 2006)............................16

*Sofran v. LaBranche & Co.*, 220 F.R.D. 398 (S.D.N.Y. 2004) ......................7, 9

*In re Versata, Inc. Securities Litigation*, No. 01-cv-1439, 2001 U.S. Dist. LEXIS
24270 (N.D. Cal. Aug. 17, 2001)............................................................10

*In re Visa Check/Mastermoney Antitrust Litigation*,
280 F.3d 124 (2d Cir. 2001)...................................................................15

*Walsh v. Northrop Grumman Corp.*, 162 F.R.D. 440 (E.D.N.Y. 1995)............................14

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248
(S.D.N.Y. 2003) ...................................................................................13

*Weltz v. Lee*, 199 F.R.D. 129 (S.D.N.Y. 2001)...................................................9

## DOCKETED CASES

*William Boston v. ETRADE Financial Corporation et al.*, No. 07-cv-8808
(S.D.N.Y. filed October 12, 2007) ..........................................................1, 4

*Wendy M. Davidson v. ETRADE Financial Corporation et al.*, No. 07-cv-10400
(S.D.N.Y. filed October 12, 2007) ..........................................................1, 4

*Josh Ferenc v. ETRADE Financial Corporation et al.*, No. 07-cv-10540
(S.D.N.Y. filed October 12, 2007) ..........................................................1, 4

*Larry Freudenberg v. ETRADE Financial Corporation, et al.*, No. 07-cv-8538
(S.D.N.Y. filed October 2, 2007)........................................................1, 2, 4, 6

*Robert D. Thulman v. ETRADE Financial Corporation, et al.*, No. 07-cv-9651
(S.D.N.Y. filed October 26, 2007) ..........................................................1, 4

# FEDERAL STATUTES

15 U.S.C. § 78u-4(a) .................................................................................4, 5, 6, 7, 13, 17

Federal Rule of Civil Procedure 23 ........................................................2, 5, 8, 13, 14, 16

Federal Rule of Civil Procedure 42(a) ..........................................................................1, 5

# MISCELLANEOUS

H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995
    U.S.C.C.A.N. 679, 733 ..........................................................................................15, 16

## PRELIMINARY STATEMENT

Kristen Management Limited ("Kristen"), Straxton Properties Inc. ("Straxton") and Javed Fiyaz ("Mr. Fiyaz") (collectively the "Kristen-Straxton Group") respectfully submit this memorandum in support of its motion for an Order: (a) consolidating, pursuant to Fed. R. Civ. P. 42, the above-captioned actions; (b) appointing it, pursuant to 15 U.S.C. §78u-4(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), as Lead Plaintiff in the consolidated action; and (c) approving its selection of Brower Piven, A Professional Corporation ("Brower Piven") as Lead Counsel.

Presently pending before the Court are five securities class actions (collectively the "Action") brought on behalf of all persons or entities (the "Class") who purchased or otherwise acquired securities of E*Trade Financial Corporation ("E*Trade" or the "Company") between April 20, 2006 and November 9, 2007, inclusive (the "Class Period").[1] Plaintiffs in the Action allege violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder against E*Trade, Mitchell H.

---

[1] Five complaints were filed in the Southern District of New York: (1) *Larry Freudenberg v. E*TRADE Financial Corporation, et al.*, No. 07-cv-8538 (S.D.N.Y.) filed October 2, 2007, *see* Declaration of Elizabeth A. Schmid, Esq. In Support Of The Motion Of The Kristen-Straxton Group For Consolidation Of All Related Cases, Appointment Of Lead Plaintiff And Approval Of The Selection Of Class Counsel, submitted herewith ("Schmid Decl."), Ex. A; (2) *William Boston v. E*TRADE Financial Corporation et al.*, No. 07-cv-8808 (S.D.N.Y.) filed October 12, 2007; (3) *Robert D. Thulman v. E*TRADE Financial Corporation, et al.*, No. 07-cv-9651 (S.D.N.Y.) filed October 26, 2007; (4) *Wendy M. Davidson v. E*Trade Financial Corporation, et al.*, No. 07-cv-10400 (S.D.N.Y.) filed on November 16, 2007; and (5) *Joshua Ferenc v. E*Trade Financial Corporation, et al.*, No. 07-cv-10540 (S.D.N.Y.) filed on November 21, 2007. Though the class period alleged in the complaints filed in the first three cases listed above is December 14, 2006 through September 25, 2007, the complaint in the fourth-filed *Davidson* case expanded the Class Period from December 14, 2006 through November 9, 2007, and the complaint in the fifth-filed *Ferenc* case further expanded the Class Period from April 20, 2006 through November 9, 2007.

Caplan and Robert J. Simmons (collectively referred to as "Defendants"). Pursuant to the PSLRA, the Court must first appoint a lead plaintiff and then the lead plaintiff must select, subject to Court approval, lead counsel before the Action may proceed further.

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See, e.g., In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001). Movant, the Kristen-Straxton Group, which consists of two related institutional investors, Kristen and Straxton, and a substantial individual investor, Mr. Fiyaz, collectively, have losses trading in E*Trade securities during the Class Period of *$133,415,508.00*. *See* Schmid Decl., Ex. B.

Based upon the size of its losses, and the accompanying sworn certifications and declarations from the members of the Kristen-Straxton Group, the Kristen-Straxton Group easily satisfies both of these requirements. Thus, pursuant to the lead plaintiff provisions of the PSLRA, the Kristen-Straxton Group is the presumptive "most adequate plaintiff"; it should be appointed the Lead Plaintiff; and its selection of Brower Piven as Lead Counsel should be approved.

## STATEMENT OF FACTS

E*Trade provides financial services to retail and institutional customers worldwide, including retail investments and trading, checking, money market and savings accounts.[2] Since its inception, E*Trade generated revenues from the commissions it charged customers who traded stocks on its website. In 2003, the Company began

---

2 This summary is based on the complaint filed in *Larry Freudenberg v. E*TRADE Financial Corporation, et al.*, No. 07-cv-8538 (S.D.N.Y.). *See* Schmid Decl., Ex. A.

purchasing mortgages, home-equity loans and other mortgage-related assets. Shortly thereafter, the Company began originating its own loans. As a result, interest income from its loans became the main driver for the Company's growth as it became less reliant on brokerage fees. Unbeknownst to investors, this growth would be short lived because the Company's mortgage, home-equity loan and other mortgage–related assets were composed of sub-prime loans. Furthermore, during the Class Period, the Company was experiencing a rise in delinquency rates in both its mortgage and home-equity portfolios.

The Action alleges that throughout the Class Period, Defendants failed to disclose material adverse facts about the Company's business, prospects and financial condition. Specifically, Defendants failed to disclose or indicate, *inter alia*, that: (1) the Company was experiencing increased delinquencies in its mortgage and home equity portfolios; (2) the Company had failed to adequately reserve for loan losses; (3) consequently, the Company would be forced to take $95 million in charge-offs and a provision for expenses of $245 million in the second half of 2007; (4) the Company had failed to timely record impairments on certain securities, and as a result, such portfolios were materially overvalued; and (5) as a result of the foregoing, the Company's statements about its 2007 financial and operational results were lacking in any reasonable basis when made.

Following a series of negative partial disclosures regarding E*Trade in August 2007, causing the value of E*Trade's publicly traded securities to decline significantly, on September 17, 2007, the Company announced that it was exiting the wholesale mortgage business, restructuring its institutional brokerage business, and revising its previously issued 2007 financial guidance. E*Trade also disclosed that it expected charge-offs of $95 million dollars and a provision for expenses of $245 million in the

second half of 2007 due to an increased allowance for loan losses. In addition, E*trade announced that it expected "severance, restructuring and other exit charges" of $32 million as a result of its decision to exit and restructure the businesses. Additionally, the Company stated that it was revising its earnings guidance for 2007, to anticipated earnings per share ("EPS") ranging between $1.05 and $1.15 for the year, significantly lower than the Company's previously issued guidance in the range of $1.53 to $1.67 EPS for the year.

As a result of this news, over the next six trading days E*Trade shares fell a further $2.32 per share, or more than 16.3 percent, to close on September 25, 2007 at $11.89 per share. These disclosures in the summer and fall of 2007 culminated in losses to the E*Trade investor Class members estimated in the billions of dollars.

## ARGUMENT

## I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this[sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

The five related putative class actions each claim violations of the federal securities laws under Sections 10(b) and 20(a) of the Exchange Act and each seek relief on behalf of similarly situated classes of persons and entities that traded in E*Trade securities during the alleged class periods. *See* n. 1, *supra.* Consolidation is appropriate

when there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Here, the five subject actions assert virtually identical claims based on virtually identical alleged facts. As such, the cases allege common questions of law *and* fact, and are, therefore, are well-suited for consolidation. Accordingly, the actions should be consolidated.

## II.    THE COURT SHOULD APPOINT THE KRISTEN-STRAXTON GROUP AS LEAD PLAINTIFF

### A.    The Legal Requirements Under the PSLRA

The PSLRA establishes the procedure for appointment of lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. *See* Sections 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B). The PSLRA provides a rebuttable presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice...;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, that presumption can be rebutted only upon proof by a class member that the presumptive "most adequate plaintiff" "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-

5

4(a)(3)(B)(iii)(II).

As set forth below, the Kristen-Straxton Group satisfies the criteria to be the presumptive lead plaintiff here, and it is not subject to any unique defenses. Therefore, the Kristen-Straxton Group is the "most adequate plaintiff" and should be appointed lead plaintiff in the Action.

### B.       The Kristen-Straxton Group Satisfies the Lead Plaintiff Requirements of the Exchange Act

#### 1.       Kristen-Straxton Group Has Timely Moved For Appointment As Lead Plaintiff

On October 2, 2007, counsel in the first filed securities action against E*Trade, *Larry Freudenberg v. E*TRADE Financial Corporation, et al.*, No. 07-cv-8538, caused a notice (the "Notice") to be published, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), which announced that a securities class action had been filed against, among others, E*Trade and which advised putative Class members that they had 60 days from October 2, 2007 to file a motion to seek appointment as a lead plaintiff in the action. The 60 day time period in which Class members may move to be appointed Lead Plaintiff under 15 U.S.C. §78u-4(a)(3)(A)(b) expires on December 3, 2007.[3] *See* Fed. R. Civ. P. 6(a)(3). Pursuant to the provisions of the PSLRA and within the time frame after publication of the required notice, the Kristen-Straxton Group, which is a group consisting of Class members, timely moves this Court to be appointed Lead Plaintiff.

Accompanying this motion are sworn certifications from Kristen and Straxton, executed by Vincent de Cannière ("Mr. de Cannière"), the sole director of Kristen and Straxton and Mr. Fiyaz. *See* Schmid Decl., Exs. D, E and F. These certifications contain

---

[3]  The first action against E*Trade was filed October 2, 2007. On October 2, 2007, the Notice was published through *Business Wire*. *See* Schmid Decl., Ex. C.

all of the information required by the 15 U.S.C. § 78u-4(a)(2)(A). Further, based on the declaration of Mr. de Cannière, Kristen and Straxton are investment companies organized and existing under the laws of the British Virgin Islands. Kristen and Straxton have common ownership, and Mr. de Cannière is sole manager of both companies. Mr. de Cannière makes all investment decisions on behalf of both companies, and he has full authority to act for Kristen and Straxton, including the authority to pursue possible legal claims that the companies may have. *See* Schmid Decl., Ex. G. Mr. Fiyaz is an individual investor who resides in London, England, and has a long-standing personal and business relationship with Mr. de Cannière that pre-existed their investments in E*Trade. *See id.*, Ex. H.

Therefore, Kristen-Straxton Group satisfies the requirements of 15 U.S.C. §78u-4(a)(3)(B)(i).

### 2.    Kristen-Straxton Is The Most Adequate Lead Plaintiff

#### a.    Kristen-Straxton Group Has The Largest Financial Interest In The Relief Sought By The Class

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial interest in the relief sought by the Class. *See Sofran v. LaBranche & Co.,* 220 F.R.D. 398, 401 (S.D.N.Y. 2004). The financial interest in the relief sought is the pivotal factor in the determining the choice of lead plaintiff.

> In choosing the most adequate plaintiff, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit...the Court should not undertake a comparative review of all the lead plaintiff motions. Rather, the Court should consider the motions sequentially, from greatest to smallest loss, applying the presumption that the plaintiff with the greatest loss should be the lead plaintiff...

7

*In re Host America Corp. Sec. Litig.*, 236 F.R.D. 102, 104-6 (D. Conn. 2006) (quoting *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)); *see also Rozenboom v. Van Der Moolen Holding*, No. 03-cv-8284, 2004 U.S. Dist. LEXIS 6382, at *8-9 (S.D.N.Y. Apr. 14, 2007) (Once the court "identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.") (quoting *In re Cavanaugh*, 306 F.3d at 732); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) ("Once the court has identified the movant with the largest financial interest in the relief sought by the class, it should then turn to the question whether that movant otherwise satisfies the requirements of Rule 23").

As demonstrated in the attached Consolidated Schedule Of Transactions And Losses, *see* Schmid Decl., Ex. B, and the PSLRA certifications, *see id.*, Exs. D, E and F, the Kristen-Straxton Group has E*Trade trading losses during the Class Period of $133,415,508.00.[4] These Kristen-Straxton Group losses break down among the group's members as follows:

| | |
|---|---|
| **Kristen Management Limited** | $12,070,139 |
| **Straxton Properties Inc.** | $94,228,019 |
| **Javed Fiyaz** | $27,117,350 |
| **TOTAL LOSSES** | $133,415,508 |

Therefore, it is believed that the Kristen-Straxton Group has the largest financial interest of any other movant seeking appointment as lead plaintiff.

---

[4] The losses listed for the Kristen and Straxton in the above chart have been rounded to the nearest dollar.

### b. A Cohesive Group With a Pre-Litigation
### Relationship is Preferred Under the PSLRA

The fact that the Kristen-Straxton Group is moving as a "group" does not affect its suitability to serve as lead plaintiff because it is the type of group contemplated by Congress under the PSLRA to serve as lead plaintiff in federal securities law actions.

As an initial matter, the aggregation of losses by a group for the purposes of the PSLRA is proper. "The idea that plaintiffs may aggregate their losses into a group to show the largest financial interest derives from the language of the PSLRA, which states that the most adequate plaintiff is the 'person or group of persons.'" *Newman v. Eagle Building Technologies*, 209 F.R.D. 499, 503 (S.D. Fla. 2002) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)).  Accordingly, most courts, including this Court, have concluded that the PSLRA authorizes plaintiffs to aggregate their losses for the purposes of lead plaintiff determination.  *See e.g., Sofran*, 220 F.R.D. at 400-403 (aggregating losses of four individual investors with one institutional investor and appointing as lead plaintiff group); *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997) (person or group of persons with largest collective financial interest are presumptive lead plaintiffs).

In determining a proper group under the PSLRA, however, some courts have concluded that a pre-litigation relationship must exist among the members of the group. *See, e.g., Rozenboom*, 2004 U.S. Dist. LEXIS 6382 at *11 (citing *In re Razorfish*, 143 F. Supp.2d at 309).  Other courts have concluded that a group consisting of persons that have no pre-litigation relationship may be acceptable as a lead plaintiff candidate so long as the group is relatively small and therefore presumptively cohesive.  *See, e.g., id;*

(*citing Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y.2001)); *In re Oxford Health Plans Inc., Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998). These courts have noted that the "text of the PSLRA does not limit the composition of a 'group of person' to those only with a pre-litigation relationship, nor does the legislative history provide a sound enough foundation to support such a gloss." *See In re Versata, Inc. Sec. Litig.*, No. 01-cv-1439, 2001 U.S. Dist. LEXIS 24270, at *17 (N.D. Cal. Aug. 17, 2001)(citing *In re Baan Sec. Litig.*, 186 F.R.D. 214, 216 (D. D.C. 1999)). Still other courts have required a group seeking appointment as lead plaintiff to "explain and justify its composition and structure to the court's satisfaction." *See, e.g., In re Versata*, 2001 U.S. Dist. LEXIS 24270, at *17; *In re Network Assocs., Inc. Sec. Litig.*, 76 F. Supp.2d 1017, 1026 (N.D. Cal. 1999).

Here the Kristen-Straxton Group satisfies the most stringent requirements for a "group" to act as lead plaintiff under the PSLRA developed by the courts. As shown in the sworn declarations submitted by the individual members of the Kristen-Straxton Group, *see* Schmid Decl., Exs. G and H, the Kristen-Straxton Group consists of a small, cohesive group of investors with a traditional and well-established pre-litigation relationship. The Kristen-Straxton Group includes two investment companies with common ownership that are managed by the same person, Mr. de Cannière, and a substantial individual investor who has a long standing personal and business relationship with Mr. de Cannière. *See id.*, Ex. G, ¶ 2; and Ex. H, ¶ 2. Thus, the members of the Kristen-Straxton Group have a pre-litigation relationship and have made the decision to join together to act as a group under the PSLRA.

In addition, the members of the Kristen-Straxton Group have submitted declarations evidencing that they have agreed to prosecute this Action together; to

regularly consult with each other regarding the prosecution of this litigation through face-to-face and electronic communications; how they will share information; how they will manage the litigation together a group; how the litigation will be managed on a day-to-day basis; how decisions will be made and executed; and how counsel will be managed. These declarations militate heavily in favor of the appointment of the Kristen-Straxton Group as lead plaintiff. *See, e.g., Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*, No. 00-3605, 2000 U.S. Dist. LEXIS 16712 at *13-14 (D.N.J. Nov. 16, 2000)("cohesiveness of a group" demonstrated through declarations "advis[ing] [the court] of" *inter alia* "its sophistication; ability and inclination to actively oversee the litigation"; "the past and continued meetings between the [group's members] and outside counsel"; "the fact that the investors chose outside counsel (not vice versa)"; procedures and protocols to make decisions in the case).

Moreover, Messrs. de Cannière and Fiyaz are both sophisticated businessman who have experience retaining and supervising outside counsel. *See* Schmid Decl., Ex. G, ¶¶ 1, 5; and Ex. H, ¶ 6. The declarations submitted by the members of the Kristen-Straxton Group provide evidence of its members' pre-litigation relationship, their dedication to the efficient and effective prosecution of the action, and their ability to do so based on their sophistication and experience. Accordingly, the Kristen-Straxton Group is the prototypical "group" contemplated under the PSLRA and should be appointed lead plaintiff.

Indeed, courts in this Circuit have found that the PSLRA authorizes appointment of groups consisting of both institutional investors (particularly investment companies) and individual investors to serve together as lead plaintiff. *See, e.g., City of Brockton*

11

*Retire. Sys. v. The Shaw Group, Inc.,* No. 06-cv-8245, 2007 U.S. Dist. LEXIS 72745, at *10-14 (S.D.N.Y. Sept. 25, 2007) (appointing a lead plaintiff group consisting of two institutional investors and finding a sufficient pre-existing litigation relationship as a result of their "common role" in their respective operations.); *In re Host America Corp. Sec. Litig.,* 236 F.R.D. 102, 106 (D. Conn. 2006) (appointing as lead plaintiff a group consisting of an broker-dealer/hedge-fund and two individual investors, finding that the composition of the group would, in effect, "provid[e] a diversity of representation reflective of the makeup of the class as a whole.") (citing *In re Oxford Health Plans,* 182 F.R.D. at 50; (appointing a lead plaintiff group consisting of a state employee pension fund and three individual investors); *In re MircroStrategy Inc., Sec. Litig.,* 110 F. Supp.2d 427, 439 (E.D. Va. 2000) (appointing one institutional investor and one individual investor as lead plaintiff) (citations omitted).

> As Judge Brieant explained in *In re Oxford Health Plans:*

> [T]he PSLRA expressly contemplates the appointment of more than one plaintiff, and this Court finds no basis in the statute for the distinction drawn by the SEC between competing and non-competing groups of plaintiffs. . . . Allowing for diverse representation, including in this case a state pension fund, significant individual investors and a large institutional investor, ensures that the interests of all class members will be adequately represented in the prosecution of the action and in the negotiation and approval of a fair settlement, and that the settlement process will not be distorted by the differing aims of differently situated claimants.

182 F.R.D. at 22-24.

The Kristen-Straxton Group is clearly an appropriate "group" under the PSLRA, and, as it is the movant with the largest financial interest in the litigation from among those seeking to be appointed lead plaintiff, it is presumptively "the member or members of the purported class ...most cap[able of adequately representing the interests of class

members." 15 U.S.C. § 78u-4(a)(3)(B)(i).   Accordingly, the Kristen-Straxton Group should be appointed lead plaintiff in the consolidated Action.

### 3.    The Kristen-Straxton Group Meets the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B). Fed. R. Civ. P. 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only typicality and adequacy directly address the personal characteristics of the class representative. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (*citing In re Party City Sec. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999)) ("[at this initial stage of the litigation] a wide ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification."). Consequently, in deciding a motion to appoint as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff selected moves for class certification. *See id.,* at 252.

The Kristen-Straxton Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiff.  Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those

of the class.  Typicality exists if claims "arise[] from the same course of events, and each

class member makes similar legal arguments to prove the defendant's liability."  *See In re*

*Drexel Burnham Lambert Group, Inc.*, 960 F. 2d 285, 291 (2d Cir. 1992), *cert. dismissed*

*sub nom.*, 506 U.S. 1088 (1993).  However, the claims of the class representative need

not be identical to the claims of the class to satisfy typicality.  Instead, the courts have

recognized that:

> [T]he typicality requirement may be satisfied even if there
> are factual dissimilarities or variations between the claims
> of the named plaintiffs and those of other class members,
> including distinctions in the qualifications of the class
> members.

*Bishop v. New York City Dept. of Housing Pres. & Develop.*, 141 F.R.D. 229, 238 (2d

Cir. 1992).

    The Kristen-Straxton Group seeks to represent a class of purchasers of E*Trade

securities.  The Kristen-Straxton Group satisfies the typicality requirement, because its

members: (i) purchased or otherwise acquired E*Trade securities; (ii) paid prices for

those securities set by the market as quoted on the National Association of Securities

Dealers Automated Quotation system that were allegedly artificially inflated by

Defendants' alleged violations of the federal securities laws; and (iii) suffered damages

thereby.  Since the claims asserted by the Kristen-Straxton Group arise "from the same

event or course of conduct that gives rise to claims of other class members and the claims

are based on the same legal theory," it satisfies the typicality requirement. *See Walsh v.*

*Northrop Grumman Corp.*, 162 F.R.D. 440, 445 (E.D.N.Y.1995).

    Under Rule 23(a)(4) the representative parties must also "fairly and adequately

protect the interests of the class."  The standard for adequacy of representation under

Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members, and (2) the class representatives' chosen counsel is qualified, experienced and able to vigorously conduct the proposed litigation. *See e.g., In re Visa Check/Mastermoney Antitrust Litig.,* 280 F.3d 124,142 (2d Cir. 2001).

Here, the Kristen-Straxton Group is an adequate representative of the Class. By virtue of their losses from purchases of E*Trade securities during the Class Period at prices that were allegedly artificially inflated by Defendants' violations of the federal securities laws, the interests of the members of the Kristen-Straxton Group are clearly aligned with the other members of the Class. There is also no evidence of any antagonism between the Kristen-Straxton Group's interests and those of the other members of the Class. Moreover, the members of the Kristen-Straxton Group understand their obligations to the Class and have undertaken in the sworn certifications and declarations accompanying this motion to fulfill those obligations. *See* Schmid Decl., Exs. D, E, F, G and H. Indeed, the declarations demonstrate that the members of the Kristen-Straxton Group will be a superb class representatives.

In addition, as demonstrated in the accompanying declarations, the members of the Kristen-Straxton Group are particularly qualified to conduct this complex litigation in a professional manner. *See* Schmid Decl., Exs. G and H. As experienced investors, each with massive eight figure losses, the members of the Kristen-Straxton Group have every incentive to vigorously prosecute this Action and fully discharge their fiduciary duties to the Class. Moreover, with Kristen and Straxton, which are institutional investors, as part of the group, the Kristen-Straxton Group is an ideal lead plaintiff. The legislative history of the PSLRA demonstrates that it was intended to encourage institutional investors to

15

serve as lead plaintiff. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representations in securities class actions."). Accordingly, the courts have expressed a preference for appointing institutional investors as lead plaintiff. *See, e.g., In re Smith Barney Transfer Agent Litig.*, No. 05-cv-7583, 2006 U.S. Dist. LEXIS 19728 at \*7 (S.D.N.Y. Apr. 17, 2006) (discussing the PSLRA's preference for institutional investors and appointing institutional investor as lead plaintiff). The court in *Jolly Roger Offshore Fund Ltd. v. BKF Capital Group, Inc.*, No. 07-cv-3923 (RWS), 2007 U.S. Dist. LEXIS 60437 (S.D.N.Y. August 14, 2007), explained that a purpose of the PSLRA is "to ensure that parties with significant financial interests in the litigation 'will participate in the litigation and exercise control over the selection and actions of plaintiff's counsel.' . . . [T]his goal could best be achieved, according to Congress, by encouraging institutional investors to serve as lead plaintiffs." *Id* at 4. (citations omitted). The appointment of the Kristen-Straxton Group, which includes two related institutional and a large individual investors who all have a pre-litigation relationship, vindicates this Congressional goal and make it a particularly suitable lead plaintiff. *See In re Oxford Health Plans*, 182 F.R.D. at 23-24.

Thus, the Kristen-Straxton Group satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23.

### III.    THE COURT SHOULD APPROVE THE KRISTEN-STRAXTON GROUP'S CHOICE OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4 (a)(3)(B)(v), once the Court appoints the lead plaintiff, the lead plaintiff, subject to Court approval, selects and retains counsel to

represent the Class. Generally a court will not disturb lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." *Id.*, at § 78u-4 (a)(3)(B)(iii)(II)(aa). *See In re Cavanaugh*, 306 F.3d at 741-43; *In re Cendant*, 264 F.3d at 274.

Here, if the Kristen-Straxton Group is appointed lead plaintiff, it will select and retain Brower Piven, a firm with offices in New York City and Baltimore, Maryland, to serve as Lead Counsel. As demonstrated by the firm's resume, Brower Piven attorneys have more than 20 years of experience in successfully prosecuting shareholder and securities class action litigation, and have frequently serve as lead or co-lead counsel in major securities class actions before this Court and others nationwide. *See* Schmid Decl., Ex. I. Accordingly, if the Kristen-Straxton Group is appointed Lead Plaintiff, the Court should approve the Kristen-Straxton Group's selection of Brower Piven to serve as Lead Counsel in the Action.

## IV.    CONCLUSION

For all the foregoing reasons, the Kristen-Straxton Group respectfully requests that this Court: (1) consolidate all of the related actions; (2) appoint the Kristen-Straxton Group as Lead Plaintiff in the consolidated action; (3) approve the Kristen-Straxton Group's selection of Brower Piven to serve as Lead Counsel; and (4) grant such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        December 3, 2007

Respectfully submitted,

**BROWER PIVEN**
 A Professional Corporation

By: /s/ *David A.P. Brower*

 David A.P. Brower (DB-4923)
 Elizabeth A. Schmid (ES-1294)
 488 Madison Avenue
 Eighth Floor
 New York, New York 10022
 Telephone: (212) 501-9000
 Facsimile: (212) 501-0300

**BROWER PIVEN**
 A Professional Corporation
 Charles J. Piven
 Marshall N. Perkins
 World Trade Center-Baltimore
 401 East Pratt Street, Suite 2525
 Baltimore, Maryland 21202
 Telephone: (410) 332-0030
 Facsimile: (410) 685-1300

 *Proposed Lead Counsel for*
 *the Kristen-Straxton Group*
 *and the Class*